Matthew Swanlund (Bar No. 204542)
matthew@aestheticlegal.com
**AESTHETIC LEGAL, A.P.L.C.**
400 Corporate Pointe, Suite 300
Culver City, CA 90230
Telephone: (310) 301-4545

Attorney for Plaintiff
TIMOTHY HOGAN
and TIMOTHY HOGAN INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY HOGAN, an individual; and TIMOTHY HOGAN, INC., a California corporation;<br><br>Plaintiff,<br><br>v.<br><br>HIRO SAKE LLC, a Delaware limited liability company;<br><br>Defendant. | Case No.    2:25-cv-6275<br><br>**COMPLAINT FOR:**<br><br>**(1) COPYRIGHT INFRINGEMENT (17 U.S.C. §501);**<br><br>**(2) BREACH OF CONTRACT; AND**<br><br>**(3) REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION (17 U.S.C. §1203)**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs Timothy Hogan and Timothy Hogan Inc. (collectively, "Plaintiff" or "Hogan") hereby complain of Defendant Hiro Sake LLC ("Defendant" or "Hiro"), and allege as follows:

## JURISDICTION AND VENUE

1. This is an action for copyright infringement under 17 U.S.C. §501 et seq., and for removal of copyright management information under 17 U.S.C. §1203 et seq.

2. The Court has original subject matter jurisdiction over the claims that relate to copyright infringement pursuant to 17 U.S.C. §§ 501 et seq. The Court also has original subject matter jurisdiction over those claims pursuant to 28 U.S.C. §§ 1331 and 1338, as the claims arise under the laws of the United States.

3. This Court has personal jurisdiction over Defendant because such party has a continuous, systematic, and substantial presence within California, including within this Judicial District. Defendant regularly solicits and conducts business within California, including in this Judicial District. In addition, Defendant has committed acts of copyright infringement in California and in this Judicial District, including, but not limited to displaying, distributing, and reproducing Plaintiff's copyrighted artworks to customers in California and in this Judicial District, and Defendant's acts form a substantial part of the events or omissions giving rise to Plaintiff's claims.

4. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b) at least because a substantial portion of the events complained of herein took place in this Judicial District.

## THE PARTIES

1. Plaintiff is an individual and a California corporation both having a principal address at 1287 Meiners Road, Ojai, CA, 93203.

2. Upon information and belief, Defendant is a Delaware limited liablity company having a registered agent for service of process at c/o United States Corporation Agents, Inc., 131 Continental Drive, Suite 305, Newark, DE 19713.

**COMMON ALLEGATIONS FOR ALL CLAIMS OF RELIEF**

3. Plaintiff is a professional product photographer.

4. Plaintiff is the sole author and copyright owner of a series of product photographs titled "Hiro Sake Product Photographs" (the "Hiro Photographs"). **See Exhibit A.**

5. Plaintiff is the owner of all right, title and interest in and to the copyright for the Hiro Photographs.

6. The Hiro Photographs are registered with the U.S. Copyright Office as U.S. Copyright Registration No. VA 2-446-963. **See Exhibit B**.

7. Plaintiff and Defendant entered into an Invoice No. INV1717hs dated May 30, 2011 (the "Agreement") for photography services, specifically, stylized hero images of Hiro Sake bottles. **See Exhibit C**. Plaintiff provided Defendant with all deliverables required under the Agreement and Defendant has been using the Hiro Photographs since that time.

8. The paragraph of the Agreement titled "Usage License" provides as follows:

> "Subject to the terms and conditions below, Timothy Hogan the licensor ("Licensor") of the work ("Work") referenced in this document (number 1717hs) hereby grants to Hiro Sake defined herein ("Licensee") an Exclusive license to use the DELIVERED WORK ONLY. This license is valid worldwide. This license shall be valid for 1 year from the date of first use and shall cover publication of the Work in the following media only: Promotional Brochure/Collateral, Internet Home/Landing Page, Internet Internal Blog, Internet Online Sales Illustration. The number of reproductions of the Work authorized by this license is unlimited. The only credit line to be associated with the Work is "Timothy Hogan". Any other use of the Work by the

3
COMPLAINT

Licensee shall require a separately negotiated license."

9. In addition, Paragraph 4 of the Agreement states that "[t]he license lasts for one year from the date of [Plaintiff's] invoice." Therefore, the license granted by Plaintiff to Defendant to use and display the Hiro Photographs expired pursuant to the terms of the Agreement on May 30, 2012. In addition, there is no photo credit to "Timothy Hogan" visible on the Defendant website as required by the Agreement.

10. The paragraph titled "Invoice Terms" provides as follows:

"Failure to make payments voids any license granted and constitutes copyright infringement. All rights not specifically granted in writing, including copyright, remain the exclusive property of Timothy Hogan."

11. Paragraph 3 of the Agreement further specifies that:

"[Plaintiff] is the sole creator and sole copyright owner of the image(s). Except for rights specifically licensed or transferred elsewhere in this Agreement, [Plaintiff] reserves all rights in the image(s) without limitation, and including digital or electronic publishing and use rights in any and all media now existing and yet unknown throughout the world."

Therefore, Plaintiff is the exclusive owner of all Copyright interest in and to the Hiro Photographs.

12. After conducting an online audit of Plaintiff's image usage, Plaintiff recently discovered that Defendant continues to use and display the Hiro Photographs on Defendant's website and other advertising materials, even though the license to use and display the Hiro Photographs has expired. **See Exhibit D**.

13. Plaintiff sent a cease and desist letter via FedEx (Tracking No. 0201 7717 5066 5640) to Defendant on January 29, 2025. Defendant failed to respond to such letter, and has continued to display the Hiro Photographs on its website and in marketing materials.

14. Plaintiff sent a second cease and desist letter via FedEx (Tracking No. 0201 8821 5918 7652) to Defendant on June 20, 2025, with an attached copy of this unfiled Complaint. Defendant also failed to respond to such letter, and has continued to display the Hiro Photographs on its website and marketing materials in blatant disregard of Plaintiff's rights.

15. Plaintiff is entitled to damages for Defendant's continued use of the Hiro Photographs from May 30, 2012 to the present.

16. Plaintiff did not grant any permission to Defendant to display, reproduce, distribute or create derivative works of the Hiro Photographs after May 30, 2012.

### **Defendant's Infringing Activities**

17. Without permission or consent from Plaintiff, Defendant has displayed, distributed and reproduced the Hiro Photographs and created derivative works of the Hiro Photographs.

18. Defendant owns and operates a commercial website which displays, distributes and reproduces the Hiro Photographs and derivative works of the Hiro Photographs, all without permission or authorization from Plaintiff.

19. Upon information and belief, Defendant is directly involved and has direct control over and specific knowledge of Defendant's website, social media accounts, and marketing materials.

20. Defendant has displayed, distributed and reproduced the Hiro Photographs and derivative works of the Hiro Photographs to customers in California, including to customers in this Judicial District.

21. Defendant has directly profited from the reproduction, display and distribution of the Hiro Photographs and from of creation of derivative works of the Hiro Photographs.

22. Upon information and belief, Defendant has specific knowledge of the Hiro

Photographs, at least because of Defendant's prior licensing of the Hiro Photographs.

23. Upon information and belief, Defendant knew of the Plaintiff's rights in the Hiro Photographs when Defendant began publicly displaying, reproducing and distributing reproductions of the Hiro Photographs, and creating derivative works of the Hiro Photographs.

24. Plaintiff sent a cease and desist letter to Defendant on January 29, 2025, including a demand for payment.

25. Defendant refused to cease and desist infringement or provide any such information or payment to Plaintiff.

26. Defendant's acts complained of herein have been willful and deliberate. Defendant has intentionally displayed, distributed and reproduced the Hiro Photographs, and created derivative works of the Hiro Photographs, with the express knowledge that Defendant had no such rights. Defendant's actions alleged herein are intended to profit from use of the Hiro Photographs without actually paying for such use.

27. Defendant's acts complained of herein have caused damage to Plaintiff in an amount to be determined at trial, and such damages will continue to increase unless Defendant is enjoined from its wrongful acts and infringement.

28. Defendant's acts complained of herein have caused Plaintiff to suffer irreparable injury to its business. Plaintiff will suffer substantial loss of goodwill and reputation unless and until Defendant is preliminarily and permanently enjoined from the wrongful acts complained of herein.

## FIRST CLAIM FOR RELIEF

(Copyright Infringement Under 17 U.S.C. §§ 501 et seq.)

29. Plaintiff hereby repeats, realleges, and incorporates by reference Paragraphs 1 – 28 of this Complaint as though fully set forth herein.

30. This is an action for direct, contributory, and vicarious copyright infringement

under the Copyright Act, 17 U.S.C. §§ 501, et seq.

31. Plaintiff is the owner of valid and enforceable copyrights in the Hiro Photographs, which contain copyrightable subject matter under 17 U.S.C. §§ 101, et seq.

32. Plaintiff complied with the registration requirements of 17 U.S.C. § 411(a) for the Hiro Photographs, and Plaintiff has obtained Copyright Registration No. VA 2-446-963 for the Hiro Photographs in the name of Timothy Hogan.

33. Defendant unlawfully reproduced, distributed and displayed protected elements of the Hiro Photographs, and created derivative works based upon the Hiro Photographs.

34. Upon information and belief, Defendant had access to the Hiro Photographs at least because Defendant previously licensed the Hiro Photographs from Plaintiff.

35. Without permission from Plaintiff, Defendant directly infringed the Hiro Photographs by distributing, displaying, and reproducing identical and substantially similar designs bearing protected elements of the Hiro Photographs, and created derivative works based upon the Hiro Photographs.

36. Upon information and belief, Defendant has direct control over and monitors Defendant's website and social media content, and knowingly and substantially assists in the creation, display, distribution and reproduction of content on Defendant's website and social media pages.

37. Upon information and belief, Defendant has the right and ability to supervise the content on its website and social media accounts, including, for example, because it can remove or edit content on its website and social media accounts.

38. Defendant also profits directly from the sale of goods from the Defendant's wholesale and retail sales agreements, through its ecommerce website, and through social media pages that display the Hiro Photographs.

39. Defendant's intentional and deliberate reproduction, distribution and display

of the Hiro Photographs infringes and continues to infringe the Plaintiff's copyrights in violation of 17 U.S.C. § 501(a). Defendant is directly infringing on Plaintiff's exclusive right to reproduce, distribute, display, and make derivative works of the Hiro Photographs under 17 U.S.C. §§ 106(1)-(3), (5).

40. Defendant's infringement has been continuous, willful and deliberate.

41. Defendant, by its actions, has damaged Plaintiff in an amount to be determined at trial.

42. Defendant, by its actions, has irreparably injured Plaintiff. Such irreparable injury will continue unless Defendant is preliminarily and permanently enjoined by this Court from further violation of Plaintiff's rights, for which Plaintiff has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF

(Breach of Contract)

43. Plaintiff hereby repeats, realleges, and incorporates by reference Paragraphs 1 - 42 of this Complaint as though fully set forth herein.

44. Plaintiff and Defendant entered into the Agreement for photography services, specifically, stylized hero images of Hiro Sake bottles.

45. Defendant breached its obligations under the Agreement by failing to pay any and all amouts set forth in the Agreement for continued use of the Hiro Photographs after May 30, 2012 to the present.

46. Plaintiff fully performed all of its obligations under the Agreement, while Defendant has failed to perform its obligations under the Agreement.

47. Plaintiff alleges that Defendant's breach of the Agreement is the actual and proximate cause of its damages.

48. As a result of Defendant's breach of the Agreement, Plaintiff has and will suffer damages, which will be proven at the time of trial.

8
COMPLAINT

49. In addition, Plaintiff is entitled to prejudgment interest in an amount subject to proof at the time of trial.

### THIRD CLAIM FOR RELIEF

(Removal of Copyright Management Information Under 17 U.S.C. §1203(c)(3))

50. Plaintiff hereby repeats, realleges, and incorporates by reference Paragraphs 1 – 49 of this Complaint as though fully set forth herein.

51. This is an action for removal of copyright management information under the Copyright Act, 17 U.S.C. §§ 1202, et seq.

52. Plaintiff is the owner of valid and enforceable copyrights in the Hiro Photographs, which contain copyrightable subject matter under 17 U.S.C. §§ 101, et seq.

53. Without permission from Plaintiff, Defendant distributed, displayed, and reproduced identical and substantially similar designs bearing protected elements of the Hiro Photographs, and created derivative works based upon the Hiro Photographs.

54. Defendant, without the authority of Plaintiff or the law, copied, distributed and publicly displayed copies of the Hiro Photographs and derivative works based upon the Hiro Photographs, knowing that Plaintiff's name was removed or altered without authority of Plaintiff.

55. Defendant knew or had reasonable grounds to know that removing or altering Plaintiff's name will induce, enable, facilitate, or conceal an infringement of Plaintiff's rights.

56. Defendant's removal or alteration of Plaintiff's name from the Hiro Photographs is a violation of 17 U.S.C. § 1202(b).

57. Defendant, by its actions, has damaged Plaintiff in an amount to be determined at trial.

58. Defendant, by its actions, has irreparably injured Plaintiff. Such irreparable injury will continue unless Defendant is preliminarily and permanently enjoined by this

Court from further violation of Plaintiff's rights, for which Plaintiff has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. That the Court render a final judgment in favor of Plaintiff and against Defendant on all claims for relief alleged herein;

2. That the Court render a final judgment that Defendant has violated 17 U.S.C. § 501(a) by directly, contributorily, and/or vicariously infringing the Plaintiff's copyrights in the Hiro Photographs;

3. That the Court render a final judgment that Defendant has violated 17 U.S.C. 1202(b).

4. That the Court render final judgment that Defendant has breached the Agreement.

5. That Defendant, its agents, servants, employees, attorneys, successors, and assigns, and all other persons in active concert or participation with Defendant who receive actual notice of the injunction by personal service or otherwise, be forthwith preliminarily and permanently enjoined from:

   a. displaying, reproducing or distributing the Hiro Photographs on Defendant's website, social media pages, or marketing materials;

   b. displaying, reproducing or distributing the Hiro Photographs on in-store or online advertising or promoting Defendant's products or other products offered through Defendant's retail stores, website or social media pages in any manner;

   c. manufacturing, distributing, shipping, importing, reproducing, displaying, advertising, marketing, promoting, transferring, selling, and/or offering to sell any products bearing or using the Hiro Photographs or any designs

substantially similar thereto;

    d. filing any applications for registration of any copyrighted works or designs substantially similar to the Hiro Photographs; and

    e. otherwise infringing the Hiro Photographs.

6. That Defendant be directed to file with this Court and serve on Plaintiff within thirty (30) days after the service of the injunction, a report, in writing, under oath, setting forth in detail the manner and form in which it has complied with the injunction pursuant to 15 U.S.C. § 1116;

7. That Defendant be required to account to Plaintiff for any and all profits derived by Defendant and all damages sustained by Plaintiff by virtue of Defendant's acts complained of herein;

8. That Defendant be ordered to pay over to Plaintiff all damages which Plaintiff has sustained as a consequence of the acts complained of herein, subject to proof at trial, together with prejudgment and post-judgment interest;

9. That Plaintiff be awarded its actual damages and Defendant's profits under 17 U.S.C. § 504. Alternatively, if Plaintiff elects, that Plaintiff be awarded statutory damages pursuant to 17 U.S.C. § 504;

10. That Defendant's actions be deemed willful;

11. That an award of reasonable costs, expenses, and attorneys' fees be awarded to Plaintiff pursuant to 17 U.S.C § 505;

12. That Plaintiff be awarded its actual damages and Defendant's profits under 17 U.S.C. §1203(c). Alternatively, if Plaintiff elects, that Plaintiff be awarded statutory damages for each violation of 17 U.S.C. §1202(b).

13. That Defendant be required to remove and destroy all online content, devices, literature, advertising, goods and other unauthorized materials bearing the Hiro Photographs, pursuant to 17 U.S.C. § 503; and

14. That Plaintiff be awarded such other and further relief as this Court may deem just.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury of all issues so triable.

Respectfully submitted,
**AESTHETIC LEGAL, APLC**

Dated: July 10, 2025

By: /s/ Matthew Swanlund
Matthew Swanlund
400 Corporate Pointe, Suite 300
Culver City, California 90230
Telephone: (310) 301.4545

Attorney for Plaintiffs
TIMOTHY HOGAN
and TIMOTHY HOGAN INC.