JS-6

|   |   |   |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |
| 6 | | |
| 7 | **UNITED STATES DISTRICT COURT** | |
| 8 | **CENTRAL DISTRICT OF CALIFORNIA** | |
| 9 | | |
| 10 | TIMOTHY HOGAN, an individual; | CASE NO. 2:25-cv-6275-SK |
| 11 | and TIMOTHY HOGAN, INC., a | |
| 12 | California corporation, | |
| 13 | Plaintiffs, | [PROPOSED] STIPULATED |
| 14 | v. | CONSENT JUDGMENT |
| 15 | HIRO SAKE LLC, a Delaware limited | |
| 16 | liability company, | |
| 17 | Defendant. | |

Plaintiffs Timothy Hogan and Timothy Hogan, Inc. (collectively, "Plaintiffs") and Defendant Hiro Sake, Inc. ("Defendant"), each a "**Party**", hereby enter into this stipulated consent judgment ("Judgment") as follows:

WHEREAS Plaintiff has alleged that Defendant infringed Plaintiff's copyrights in certain images allegedly taken by Plaintiff Timothy Hogan and/or that Defendant had breached a license agreement between Plaintiffs and Defendant (the "**Dispute**");

WHEREAS, Defendant has denied these allegations and/or the quantity of damages sought;

WHEREAS the Dispute is the subject of the above-captioned action (the "**Lawsuit**") pending before this Court; and

WHEREAS the Parties desire to compromise and resolve their differences with respect to the Dispute and the Lawsuit, upon the terms and conditions set forth below;

NOW THEREFORE, the Court, at the request and by the agreement of the Parties enters judgment as follows:

1. **Payment to Plaintiffs.**
   a. Consent Judgment. Judgment in the amount of sixty-five thousand dollars ($65,000) (the "**Judgment Amount**") is entered in favor of the Plaintiffs against the Defendant. The Judgment Amount includes all costs and attorneys' fees which might have been awarded to Plaintiffs in the Lawsuit.
   b. Settlement Payments. Defendant shall pay the Judgment Amount in eight installments, as follows:
      i. Thirty Thousand Dollars ($30,000) shall be paid not later than three (3) Business Days (defined below) following the entry of this Judgment ("**Initial Payment**");

(The Parties have acknowledged and agreed in a stipulation entered in this Lawsuit as Docket No. 14 (the "**Settlement Stipulation**") that the Initial Payment was transmitted and received in December, 2025, prior to the date of this Judgment.) and each of the following payments (each an "**Installment Payment**"):

    ii. Five Thousand Dollars ($5,000) shall be paid no later than January 31, 2026;

    iii. Five Thousand Dollars ($5,000) shall be paid no later than February 28, 2026;

    iv. Five Thousand Dollars ($5,000) shall be paid no later than March 31, 2026;

    v. Five Thousand Dollars ($5,000) shall be paid no later than April 30, 2026;

    vi. Five Thousand Dollars ($5,000) shall be paid no later than May 31, 2026;

    vii. Five Thousand Dollars ($5,000) shall be paid no later than June 30, 2026; and

    viii. Five Thousand Dollars ($5,000) shall be paid no later than July 31, 2026.

c. Business Days. The term "**Business Day**" shall mean any day excluding Saturday, Sunday and any day which is a legal holiday under the laws of the State of California or is a nationally recognized federal holiday pursuant to 5 U.S.C. § 6103.

d. Payment Instructions. Defendant shall transmit the Initial Payment and each Installment Payment by wire transfer pursuant to payment instructions that the Parties have acknowledged (in the Settlement

Stipulation) they have transmitted and received and to which they have each agreed.

2. **Costs and Attorneys' Fees**.  The Parties shall each bear their own costs and attorneys' fees in connection with this Dispute, except in connection with enforcement of this Judgment as provided in paragraph 3 below.

3. **Enforcement of this Judgment.**
   a. **Attorneys' Fees and Costs.**  The prevailing Party in any motion, proceeding, or action brought by one of the Parties to enforce the terms of this Judgment shall be entitled to an award of its attorneys' fees and costs reasonably expended in such enforcement efforts.
   b. **Failure of Payment.**
      i. Failure of Installment Payments Constitutes Breach.  Subject to subparagraph (iii) below, should Defendant fail to transmit any Installment Payment on or before the relevant due date set forth in paragraph 1 above, such failure shall be considered a breach of this Agreement.
      ii. Consequence of Failure of Installment Payments.  Subject to subparagraph (iii) below, if Defendant fails to transmit any installment on or before the relevant due date set forth in paragraph 1 above, the failed Installment Payment and all remaining Installment Payments shall be automatically accelerated and due in full immediately.
      iii. Cure Period.  Notwithstanding subparagraphs (i) and (ii) above, if any Installment Payment is not received by Plaintiffs on or before the relevant due date set forth in paragraph 1 above, it shall not be deemed a breach unless and until (a) Plaintiffs shall have given Defendant notice in accordance with paragraph 4 below, and (b) three (3) full Business Days shall

have elapsed from the date of such notice during which Defendant does not transmit such Installment Payment.

4. **Notices**.  All notices given in connection with the enforcement of this Judgment shall be delivered by email to the Parties at addresses that the Parties have acknowledged and agreed (in the Settlement Stipulation) that they have exchanged.

Notice shall be deemed complete at 9:00 a.m. Pacific Time on the next business day following the transmittal of such email.

5. **No Admission of Liability.**  This Agreement represents the compromise and settlement of the Dispute and the Lawsuit and shall not be used or construed as an admission, direct or indirect, of any liability or wrongdoing whatsoever by any Party.

6. IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this matter for purposes of construction, modification, and enforcement of this Judgment.

**SO STIPULATED:**                           DATED:  December 12, 2025

TIMOTHY HOGAN and TIMOTHY HOGAN, INC.        HIRO SAKE, INC. (formerly HIRO SAKE LLC)

By:  /s/ Matthew Swanlund                    By:  /s/ Joshua Graubart
     Matthew Swanlund                             Joshua G. Graubart
     Aesthetic Legal, APLC                        Law Offices of Joshua Graubart, P.C.

*Attorneys for Plaintiffs*                   *Attorneys for Defendant*

**IT IS SO ORDERED.**                        DATED: December 15, 2025

                                             _____
                                             HON. STEVE KIM
                                             United States Magistrate Judge